IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN RAY KIDD,                                                                              PETITIONER

v.                                                                                         No. 3:05CV35-M-A

WARDEN DOLAN WALLER, ET AL.                                                                 RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the petition of John Ray Kidd, by and through counsel, for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

John Ray Kidd was convicted of sexual battery (Count I) and two counts of rape (Counts V and VI) in the Circuit Court of Union County, Mississippi, and sentenced to serve a term of twenty-five years for Count I, thirty years for Count V and thirty years for Count VI in the custody of the Mississippi Department of Corrections; the court ordered that the sentences were to be served consecutively. The petitioner was acquitted of the sexual battery charges in Counts II and III. On April 10, 2001, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence. *Kidd v. State,* 853 So. 2d 830 (Miss. 2003) (Cause No. 2002-KA-00138-COA), *reh'g. denied*, June 5, 2001, *cert. denied*, September 6, 2001. Kidd filed a petition for post-conviction relief in the circuit court on August 28, 2002, and that court conducted a two-day evidentiary hearing regarding that petition on June 23, 2003, and November 3, 2003. The petitioner alleges

that he discovered the factual basis for his allegations of actual innocence set forth in his federal petition for a writ of *habeas corpus* at the June 23, 2003, evidentiary hearing. The circuit court, in an order dated November 13, 2003, denied the petition for post-conviction relief for want of subject matter jurisdiction because petitioner had failed first to seek leave from the Mississippi Supreme Court to pursue post-conviction relief. The petitioner filed a "Motion For Leave To File Petition For Post Conviction Relief" in the Mississippi Supreme Court December 12, 2003. The Mississippi Supreme Court denied that motion March 17, 2004. Kidd filed the instant federal petition for a writ of *habeas corpus* March 17, 2005.

## Discussion

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. *The limitation period shall run from* the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2) (emphasis added). The court shall use the June 23, 2003, the date the petitioner could have discovered the evidence – or factual predicate – for each of his new claims, as the start date for the one-year federal limitations period.

The petitioner alleges in the instant petition that he has discovered two separate pieces of evidence to support his claim of actual innocence. The first consists of evidence that Investigator Micky Baker threatened Jimmy Putt, one of the defense witnesses, with perjury charges if Putt testified at the petitioner's trial – thereby causing Putt to leave the trial without testifying out of fear of going to jail. Both Putt and Officer Baker testified regarding this conversation during a post-conviction evidentiary hearing conducted by the circuit court on June 23, 2003, and November 3, 2003, respectively. Transcript of evidentiary hearing, pages 4-37 and 36-41, attached to instant petition. *See also* the transcription of the conversation between Putt and Baker attached to the instant petition. The petitioner argues that the conversation between Putt and Baker constitutes new evidence warranting tolling of the federal one-year limitations period because it demonstrates that Officer Baker deprived Kidd of the opportunity to present favorable testimony Putt could have provided at trial – but for the intimidation by Baker. The second piece of new evidence claimed by petitioner is a statement and subsequent testimony by Sylvia Cleveland, the victim's former mother-in-law, in which Cleveland stated that the victim told her approximately one year after the trial that she filed rape charges against the petitioner only because he refused to pay for sex in accordance with a prostitution arrangement the petitioner made with the victim. Both Sylvia Cleveland and the victim, Angela Allen, testified regarding this conversation during a post-conviction evidentiary hearing conducted by the circuit court on June 23, 2003, and November 3, 2003, respectively. *See* "Transcript" of evidentiary hearing,

pages 38-51 and 49-51, attached to the instant petition. *See also* the transcription of the conversation attached to the petition. During the evidentiary hearing, the victim Angela Allen denied she told Cleveland that she brought rape charges because Kidd refused to pay for sex. *See* Transcript of evidentiary hearing, page 50, attached to petitioner's petition.

Because the discovery of the new evidence occurred on different dates, the limitation period for filing a federal petition for a writ of *habeas corpus* for claims arising out of the discovery of each piece of new evidence will be different. The court will therefore calculate the federal *habeas corpus* deadline for each claim separately below.

### Intimidation of Witness Jimmy Putt by Investigator Micky Baker

Jimmy Putt testified - and produced an audiotape - regarding a conversation he had with Investigator Baker in which Baker threatened Putt with perjury charges if he testified favorably to the defense. The petitioner put on that evidence at the evidentiary hearing on June 23, 2003; therefore, either the petitioner or his counsel knew about the conversation sometime prior to the hearing. The recorded conversation between the witness Putt and Investigator Baker was transcribed sometime prior to March 25, 2002; a confidential memo dated March 25, 2002, from Herb Wells to Van Morehouse mentions the conversation. The court cannot say with certainty, however, that the petitioner himself knew about the conversation until the June 23, 2003, hearing. Therefore, the court shall use June 23, 2003, as the date the factual predicate could have been discovered, the deadline for the petitioner to file his federal petition for a writ of *habeas corpus* was June 23, 2004. The petitioner, however, filed a "Motion For Leave To File Petition For Post Conviction Relief" in the Mississippi Supreme Court on December 12, 2003; the supreme court denied that motion March 17, 2004. The federal statute of limitations was thus tolled for 96 days

while the application to proceed in the trial court was pending (December 12, 2003, through March 17, 2004), thereby extending the deadline for filing a federal petition for a writ of *habeas corpus* to September 27, 2004 (one year from June 23, 2003, plus 96 days).. *Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998).

The petitioner's August 28, 2002, motion in the trial court for post-conviction relief was improperly filed because the petitioner did not obtain leave from the Mississippi Supreme Court to proceed with the post-conviction claims in the trial court. The trial court thus lacked jurisdiction to hear that issue, as the trial court itself eventually held in its November 13, 2003, order. As the August 28, 2002, state petition was not "properly filed," it did not toll the federal limitations period. However, even if the court tolled the federal limitations period while the improperly filed state petition was pending in the circuit court, the instant federal petition would be untimely. If this court started counting the *habeas corpus* limitation period on the day the circuit court denied the improperly filed petition – November 13, 2003 – the instant federal petition would have been due on or before February 17, 2005 (one year from November 13, 2003, plus 96 days) – 28 days before John Ray Kidd filed the instant federal petition.

John Ray Kidd's petition for a writ of *habeas corpus* is deemed filed on the date that it was stamped as "filed" by the Clerk's Office of the United States District Court, Northern District – March 17, 2005. The instant petition was thus filed 171 days after the September 27, 2004, deadline. Therefore, the petitioner's claims arising out of the intimidation of witness Jimmy Putt must be dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Testimony of Sylvia Cleveland that the Victim
### Consented to Sexual Relations with the Petitioner

Sylvia Cleveland, the victim's former mother-in-law, gave a statement and testified that the victim told her approximately one year after the trial that she had filed rape charges against the petitioner only because he refused to pay for sexual relations with her in accordance with a prostitution arrangement. Both Sylvia Cleveland and the victim, Angela Allen, testified regarding this conversation during a post-conviction evidentiary hearing conducted by the circuit court on June 23, 2003, and November 3, 2003, respectively. *See* Transcript of evidentiary hearing, pages 38-51 and 49-51, attached to the instant petition. *See also* the transcription of the conversation, attached to the instant petition. During the evidentiary hearing, the victim acknowledged that she had conversed with Sylvia Cleveland, but denied telling her that she had accused the petitioner of rape because he would not pay her for sexual relations. *See* Transcript of evidentiary hearing, page 50, attached to the instant petition.

The petitioner's state post-conviction counsel, Jimmy D. Shelton, had knowledge of Sylvia Cleveland's statements, at the latest, from the time he had her statement transcribed–April 29, 2003. Thus, the federal *habeas corpus* limitations period began to run that day, making April 29, 2004, the deadline for filing the instant federal petition. *Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998). As discussed above, the limitations period was tolled for a period of 96 days – the number of days that the petitioner's motion for post-conviction relief was pending in state court (December 12, 2003, through March 17, 2004), thereby moving the petitioner's federal *habeas corpus* deadline to August 3, 2004 (one

year from April 29, 2003, plus 96 days).[1]

The instant petition, filed by counsel, is deemed filed on March 17, 2005, the date it was stamped "filed" by the Clerk's Office of the United States District Court, Northern District. The instant petition was thus filed 226 days after the August 3, 2004, filing deadline. As such, it must be dismissed as untimely filed under 28 U.S.C. § 2244(d).

## Overcoming the AEDPA's
## One-Year Limitations Period

As discussed above, the petitioner's grounds for relief are untimely filed, even giving the petitioner the benefit of the doubt regarding when he discovered the factual predicate for his claims. The court must now examine three issues the state and petitioner mentioned during briefing but did not discuss in detail. First, can the court reach the merits of the petitioner's untimely filed claims if the petitioner produces sufficient evidence (not merely a claim) that he is actually innocent of the crimes set forth in his conviction? The Antiterrorism and Effective Death Penalty Act is silent on this issue; the circuits are split, and the Fifth Circuit has not addressed it. Second, if this court can, upon sufficient proof of innocence, reach the merits of an untimely filed federal *habeas corpus* petition, then what is the quantum of proof necessary to overcome the one-year period of limitation? Third, can this court make use of the extensive factual findings and credibility determinations of the state court trial judge – when those findings and determinations were made in the absence of subject matter jurisdiction?

---

[1]For the reasons discussed above, the petitioner's August 28, 2002, post-conviction petition was not properly filed, and the petitioner is therefore not entitled to statutory tolling during the pendency of the petition, which the circuit court dismissed for lack of jurisdiction on November 13, 2003.

The first and second questions are not ripe for decision because, as discussed below, the petitioner's evidence supporting his claim of actual innocence is not credible. As such, even if the court were to apply the actual innocence gateway to the present case, the petitioner's claims could not pass through that gateway for review on the merits. As for the final issue, the court finds that although the trial court did not have jurisdiction to hear the petitioner's claims for post-conviction relief, the petitioner presented those claims, with transcripts, to the Mississippi Supreme Court, which *did* have jurisdiction to hear the claims. "[A] determination of a factual issue made by a State court shall be presumed to be correct" unless the petitioner rebuts the presumption "by clear and convincing evidence." 28 U.S.C. 2254(e)(1). This presumption of correctness attaches not only to explicit findings, but also to "unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir.2003) (quotation marks omitted). Thus, although the Mississippi Supreme Court did not discuss the claims separately, this court must presume that the state supreme court reviewed the post-conviction motion with exhibits, determined the facts correctly, and applied federal law to those facts reasonably. *Id.*

The evidence the petitioner has presented in this case is the same as that presented at the evidentiary hearing in the state trial court. The trial court, which did not have jurisdiction over the matter, made credibility findings on the record and held that the petitioner was not entitled to relief. The trial court later dismissed the matter for want of subject matter jurisdiction. The Mississippi Supreme Court, which did have jurisdiction over the matter, then heard the arguments of the petitioner, reviewed the record of the evidentiary hearings, and rejected the petitioner's arguments. The Mississippi Supreme Court thus adopted the factual findings and credibility

determinations of the trial court. The petitioner has presented no new facts or arguments in this court; there is no clear and convincing evidence offered to call into question the state court's findings of fact under 28 U.S.C. § 2254(e)(1). As such, the court must accept those findings – and reject the petitioner's arguments in this case.

In sum, the instant case shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). The petitioner has not come forward with credible evidence that he is actually innocent of the crime of his conviction; as such, the court need not decide whether the petitioner could overcome the federal one-year statute of limitations with such evidence. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 26th day of July, 2006.

                 /s/ Michael P. Mills  
               **UNITED STATES DISTRICT JUDGE**